UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS SOTO,

        Plaintiff,

v.

UNKNOWN AYDAR, *et al.*,

        Defendants.
_____/

Case No. 4:04-CV-151

HON. RICHARD ALAN ENSLEN

**OPINION**

      This matter is before the Court on Defendants Warfield and Wright and Plaintiff Carlos Soto's Objections to Magistrate Judge Ellen S. Carmody's Report and Recommendation of July 14, 2005, which recommended this Court grant in part and deny in part Defendants Selby, Rodgers, Warfield, Everson, and Wright's Motion to Dismiss. Specifically, the Report recommends this Court dismiss Plaintiff's claims to the extent that Plaintiff seeks monetary relief from these Defendants in their official capacity. The Report further recommends that Plaintiff's claims against Defendants Rodgers, Everson, and Holden-Selby be dismissed. The Report also recommends that Plaintiff's ADA claims against Defendants Warfield and Wright be dismissed, but that his claims that these Defendants violated his Eighth Amendment rights be permitted to go forward. Additionally, the Report recommends that Defendant Aydar's Motion to Dismiss be granted. The Court now reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Plaintiff raises a specific objection to the Report's recommendations as to Defendant Selby. Plaintiff objects to the Report's conclusion that Defendant Selby's "confiscation of Plaintiff's tape player and audiotapes" does not violate the Eighth Amendment and the American with Disabilities

Act ("ADA").  (Pl.'s Objs. at 2-3.)  Upon review, the Court agrees with the Report's determination that although the Eighth Amendment prevents denial of necessities to prisoners, the confiscation of Plaintiff's tape player and audiotapes fails to raise an issue under the Eighth Amendment.  *See, e.g., Taggart v. MacDonald*, 2005 WL 1127089 at *1 (9th Cir. May 13, 2005) (denial of reading material does not implicate the Eighth Amendment).  Additionally, the confiscation also fails to raise an issue under the ADA because Plaintiff fails to allege that he was discriminated against solely because of his disability - that is, that the items were confiscated solely because of his visual impairment.  *See, e.g., Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005).

Plaintiff also raises seven general objections to the Report's recommendation for the dismissal of any of Plaintiff's claims and all of which request the Court review the Report *de novo*.  Plaintiff's Objections are granted to the extent that this Court will review the Report *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

Plaintiff objects to the Report's recommendation that Plaintiff's ADA claim be dismissed as to Defendants Warfield and Wright.  (Pl.'s Objs. at 2-3.)  Upon *de novo* review, the Court determines that Plaintiff failed to allege facts which, if proven, could establish they discriminated against Plaintiff solely because of his disability.  Therefore, Plaintiff's objections will be denied and the Report adopted as to the dismissal of Plaintiff's ADA claim against Defendants Warfield and Wright.

Plaintiff objects to the Report's recommendation that Plaintiff's claims be dismissed as to Defendants Rodgers, Everson and Aydar.  (Pl.'s Objs. at 3-4.)  Plaintiff makes no additional specific argument as to these Defendants which was not correctly addressed by the Report and fails to make specific objections to the Report.  Upon *de novo* review, the Court determines that Plaintiff's claims against Defendant Rodgers are properly dismissed for failing to state a claim upon which relief may

be granted and Plaintiff's claims against Defendants Everson and Aydar are properly dismissed for failure to allege facts which, if proven, could establish a violation of either the Eighth Amendment or the ADA. Therefore, Plaintiff's objections will be denied and the Report adopted as to the dismissal of Plaintiff's claims against Defendants Rodgers, Everson and Aydars.

Defendants Warfield and Wright object to the Report's recommendation to allow Plaintiff to proceed with his Eighth Amendment claim as to both Defendants. (Defs.' Objs. at 1, 4.) Specifically, Defendants Warfield and Wright assert that Plaintiff did not assert a "serious medical need" which, if proven, would allow recovery under *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). (Defs.' Objs. at 2-3.)

As to Defendant Warfield, Plaintiff asserts Defendant Warfield denied him certain prescribed medications which were used to treat his degenerative eye disease and associated symptoms. (Compl. at 6-7, & Ex. G.) Upon *de novo* review, the Court determines that, construing the Complaint liberally, Plaintiff has made sufficient allegations which preclude dismissal of Plaintiff's Eighth Amendment claim against Defendant Warfield.

As to Defendant Wright, Plaintiff asserts that Defendant Wright denied him treatment of his "numerous medical problems," refused to refer Plaintiff for needed x-rays and refused Plaintiff's requests to be removed from his cell at the time when "pepper gas" was being sprayed in the vicinity and would aggravate his "emphysema and asthma conditions." (Compl. at 8.) Although Defendant Wright has submitted evidence to refute some of Plaintiff's assertions, construing the Complaint liberally, Plaintiff has made sufficient allegations which preclude dismissal of Plaintiff's Eighth Amendment claim against Defendant Wright.

Defendants' Objections will be denied and the Report adopted as to Plaintiff's Eighth Amendment claims against Defendants Warfield and Wright.

A Partial Judgment in accordance with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 22, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |