UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS SOTO,

        Plaintiff,

v.

UNKNOWN AYDAR, *et al.*,

        Defendants.

_____/

Case No. 4:04-CV-151

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Plaintiff Carlos Soto's Objection to United States Magistrate Judge Ellen S. Carmody's October 20, 2005 Order denying Plaintiff's Motion for Appointment of Counsel. Plaintiff's Objection, styled as a letter, contends that because Plaintiff's brief supporting his Motion for Appointment of Counsel was rejected by Judge Carmody (since it lacked a signature), Judge Carmody erred when she did not consider his brief when denying his Motion for Appointment of Counsel.[1]

      The Court reviews Judge Carmody's October 20, 2005 Order for clear error and to assure accordance of law. FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a); 28 U.S.C. § 636(b)(1)(A). In applying this standard, the Court, like any reviewing court, will not reverse Judge Carmody's Order simply because the Court "would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'"

---

[1] Plaintiff's Motion for Appointment of Counsel was accepted and docketed by the Clerk. Plaintiff later submitted a signed copy of his brief, but by that time Judge Carmody's October 25, 2005 Order had already issued.

*Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Although Federal Rule of Civil Procedure 11 provides that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party," there is no indication that Judge Carmody based her decision on that ground.

In her Order, Judge Carmody noted that it is exceedingly rare to appoint counsel in a civil matter. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). Judge Carmody further noted that the proper factors to review Plaintiff's request were: (1) whether the action presents a colorable claim for relief; (2) the litigant's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel; (4) the ability of the litigant to present his case; and (5) the complexity of the legal issues presented. *McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06. Applying these factors to Plaintiff's request, Judge Carmody found that the exceptional circumstances warranting appointment of counsel were not present in this case.

Given that Judge Carmody applied the correct legal standard and came to a reasonable result, the Court cannot say the Judge Carmody's October 25, 2005 Order was erroneous. Furthermore, even if it were an error to consider Plaintiff's Motion without first giving him an opportunity to correct his brief in support, such an error was harmless. The Court has reviewed the rejected brief and finds that it adds little to the Motion that was before Judge Carmody. The brief expounds upon the same legal standards articulated in the Motion and by Judge Carmody, but does not offer any new reasoning that was not in the Motion as to why Judge Carmody should have appointed counsel.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Carlos Soto's Objection (Dkt. No. 117) is **DENIED**, and the October 20, 2005 Order of Judge Carmody (Dkt. No. 112) is **AFFIRMED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 6, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |