UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CARLOS SOTO,

    Plaintiff,

v.

UNKNOWN AYDAR, *et al.*,

    Defendants.

_____/

Case No. 4:04-CV-151

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff Carlos Soto's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of November 15, 2005 ("Report"), which recommended that the Court grant Defendants Badawi Abdellatif and Sara Hope Heebish's Motion to Dismiss.[1]  The Report also recommended that Defendants Melinda Warfield and Karen Wright's Motion for Entry of Judgment as a Matter of Law be granted as well.  This Court now reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Plaintiff objects to the Report asserting that summary judgment is not appropriate for Defendants Abdellatif, Heebish, Warfield, and Wright.  As for Defendant Abdellatif, Plaintiff claimed violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 *et seq.*, and the Eighth Amendment to the United States Constitution.  The Report found that Plaintiff did not allege or demonstrate that Defendant Abdellatif discriminated against him solely because of

---

[1] The Report addressed Defendants Abdellatif and Heebish's Motion to Dismiss as seeking summary judgment since the Motion presented matters outside the pleadings.  *See* FED. R. CIV. P. 12(c).

his disability. *See Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005). Plaintiff's Objections to the Report simply asserts that he was discriminated against because of a disability. Conjecture, speculation, and naked inferences are insufficient to withstand Defendants' Motion. *See* FED. R. CIV. P. 56(e). Therefore, Plaintiff's Objections on this ground will be denied.

The Report also found that Defendant Abdellatif did not violate Plaintiff's Eighth Amendment rights. Plaintiff disagrees and submits that Defendant Abdellatif has refused to treat him or provide him with necessary medication. Defendant Abdellatif refused to treat Plaintiff because he assessed Plaintiff's condition and determined further treatment was not medically necessary. As the Report correctly cites, "allegations of a medical malpractice" or "a difference of opinion between a prisoner and a doctor over diagnosis or treatment" fail to state an Eighth Amendment claim. *Brown v. Kashyap*, 234 F.3d 1267 (6th Cir. 2000) (unpublished table decision) (referencing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Therefore, Plaintiff's Objections on this ground will be denied.

As for Defendant Heebish, the Report found that Plaintiff failed to state an Eighth Amendment claim because he merely disagreed with Defendant Heebish's treatment decision. *Brown*, 234 F.3d at 1267. Plaintiff objects to the Report because he believes Defendant Heebish was deliberately indifferent to his medical needs. Plaintiff's Objections on this ground will be denied for the reasons above.[2] *Id.*

Turning to Defendant Warfield, the Report found that even though Plaintiff was denied medication for a brief period (less than one week), that denial did not rise to the level of deliberate

---

[2] To the extent that Plaintiff suggests Defendant Heebish denied him eye medication, the Court finds that contention unsupported by the record. (*See* Dkt. No. 96, Ex. 2E-2P).

indifference under the Eighth Amendment. Plaintiff objects and contends that a "man with so many and varied potentially life threatening conditions should be prioritized and treated with haste rather than deliberate indifference . . . ."[3] (Pl.'s Objs. at 3). The Court agrees with the Report that Plaintiff has failed to demonstrate Defendant Warfield acted with deliberate indifference. Plaintiff suggests what Defendant Warfield should have done to account for his medical needs; however, Plaintiff must be able show that Defendant Warfield actually knew of Plaintiff's condition and consciously chose to deny him medication. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This Plaintiff has not done. The interruption of Plaintiff's medication was due to an administrative error associated with his transfer to another correctional facility. Nowhere does Plaintiff allege that Defendant Warfield deliberately denied Plaintiff medication. Therefore, Plaintiff's Objection on this ground will be denied.

Finally with regard to Defendant Wright, Plaintiff made two claims. The Report found that Defendant Wright did not violate Plaintiff's Eighth Amendment rights by denying his request for tinted sunglasses because he was not entitled to that accommodation. The Report also determined that even if Defendant Wright delayed Plaintiff's medical examination (by five days), Plaintiff did not submit any evidence that he suffered any detrimental effect from the delay. Plaintiff disagrees and has objected on both grounds.

Upon review, the Court observes that Plaintiff was not prescribed tinted sunglasses when he requested such an accommodation. (Dkt. No. 96, Ex. 2E-2P). Plaintiff's treatment notes make clear that although he was later prescribed tinted sunglasses, he did not have that prescription when he

---

[3] Plaintiff reports he suffers from polio, various gun shot wounds, carpel tunnel syndrome, skin irritations, and a degenerative eye disease. (Pl.'s Objs. at 3).

-3-

made the request to Defendant Wright. Thus, the Court agrees with the Report that Defendant Wright did not violate Plaintiff's Eighth Amendment rights by denying his request. Concerning Plaintiff's claim that Defendant Wright delayed him medical care, the Report correctly found Plaintiff failed to submit any evidence that the five-day delay negatively effected him.[4]  In order to establish an Eighth Amendment claim of deliberate indifference, Plaintiff is required to show the alleged deprivation was sufficiently serious, *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001), and this he has not done. The Court will deny Plaintiff's Objections as to Defendant Wright.

Therefore, for the reasons stated in the Report and this Opinion, Plaintiff Carlos Soto's Objections are denied. A Judgment consistent with this Opinion shall issue.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
February 6, 2006  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Defendant Wright disputes that she prevented Plaintiff from receiving medical treatment. Defendant Wright maintains that Plaintiff's medical evaluation was delayed because of his uncooperative behavior.